IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 08-40067-01-RDR**

JASON ALLEN BUCHANAN,

        Defendant.

## MEMORANDUM AND ORDER

On January 15, 2009, the court held a hearing on pretrial motions filed by the defendant. Having carefully reviewed those motions, the court is now prepared to rule.

The defendant is charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The defendant has filed a motion for discovery and a motion to suppress evidence based on material omission.

**MOTION FOR DISCOVERY**

The defendant has requested that the government produce the following materials: (1) copies of all reports, notes and recordings related to contact between Lt. James Swisher and the defendant; (2) copies of a recording of an interview with the defendant following his arrest on the instant charges; and (3) copies of fingerprint results. The government has indicated that it has no objection to any of the requests made by the defendant. Accordingly, this motion will be granted. The government shall

provide all of the requested materials to the extent that they exist.  At the hearing, the defendant indicated that he had not received these materials.  The government should provide these materials as soon as possible.

**MOTION TO SUPPRESS EVIDENCE BASED ON MATERIAL OMISSION**

This case arises from a search warrant of the defendant's residence on May 30, 2008.  The defendant contends that the affidavit in support of the search warrant was defective because of a material omission.  The defendant suggests that the affiant, Lt. James Swisher, failed to indicate in the affidavit that the defendant was acting as an informant for Lt. Swisher at the time of the telephone call that led to the issuance of the search warrant. During the hearing, the court heard testimony from Lt. Swisher. Based upon that testimony, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1.  In August 2007, Lt. James Swisher of the Dickinson County Sheriff's Department received a call from Kansas Highway Patrol Trooper Gritman.  Trooper Gritman told Lt. Swisher that he had arrested Jason Buchanan for some misdemeanor traffic offenses and that Buchanan might be willing to provide some information on drug activity in the area for consideration on the charges against him. Lt. Swisher met with Buchanan and discussed with him the possibility of Buchanan becoming a confidential informant.

Buchanan provided some information and Lt. Swisher believed that a follow-up meeting would be beneficial.

2. Lt. Swisher and Buchanan met again several days later. Buchanan again provided some information but no agreement was reached for him to become a confidential informant. Lt. Swisher did provide Buchanan with his cell phone number and told him to put it in his cell phone address book under the listing "Jim." Buchanan never called Lt. Swisher to inform him that he wished to become a confidential informant. Lt. Swisher eventually told Trooper Gritman to proceed with the charges against Buchanan.

3. Lt. Swisher had no contact with Buchanan until he received a cell phone call on May 29, 2008. At that time, the caller identified himself as Jason. Jason asked Lt. Swisher if he was looking for drugs and stated a price of "a quarter for thirty," which Lt. Swisher interpreted as a quarter ounce of marijuana for thirty dollars. Lt. Swisher initially thought that the call was a ruse perpetrated by other law enforcement officers. He told Jason to call back. He did not hear back from him.

4. Lt. Swisher later learned that the number of the cell phone used by the caller on May 29th belonged to Paul Tech, who worked with Jason Buchanan. Lt. Swisher was aware that Tech was involved in drug activities in Dickinson County. Lt. Swisher had initially forgotten about his prior conversations with Buchanan, but after learning about the connection to Tech, he believed that

the caller on May 29th was Jason Buchanan.  He thought that Buchanan had called him in error, thinking that the "Jim" listed in the cell phone address listing was a drug client.

    5.  On May 30, 2008, Lt. Swisher called the number and spoke with a male who he believed to be Tech.  Tech provided the phone to Buchanan who told Lt. Swisher that he was out but would have some in the afternoon.  Lt. Swisher later received a call from Buchanan who eventually agreed to provide one ounce of marijuana for $110.00.  They agreed that they would meet at Buchanan's residence at noon.

    6.  Thereafter, Lt. Swisher sought a search warrant. In the search warrant, he provided the information about the May 29th and May 30th phone conversations.  He also related information that Adam Ruehlen had been in Buchanan's residence on December 14, 2007 and had seen another individual provide approximately one pound of marijuana to Buchanan.

    7.  At the hearing, the defendant offered an affidavit from Lanita Ann Storms.  In the affidavit, she states that Jason Buchanan was at her house in Olathe, Kansas on December 14, 2007.

*Conclusions of Law*

    1.  The defendant contends that Lt. Swisher failed to inform the state court judge that his prior contacts with the defendant involved using the defendant as an informant.  The defendant then argues:  "This is a material omission, in that, had the magistrate

4

known that, he or she would have correctly assumed that, if Mr. Buchanan did, in fact, call a known law enforcement officer regarding the sale of marijuana, it was to set up a controlled buy from another individual."

2. It is a violation of the Fourth Amendment to "knowingly and intentionally, or with reckless disregard for the truth," include false statements in an affidavit filed in support of a search warrant. Franks v. Delaware, 438 U.S. 154, 155 (1978). Moreover, "[t]he standards of deliberate falsehood and reckless disregard set forth in Franks apply to material omissions, as well as affirmative falsehoods." United States v. McKissick, 204 F.3d 1282, 1297 (10th Cir. 2000). To establish a Franks violation for material omission, a defendant must first establish by a preponderance of the evidence that officers omitted material information intentionally or with reckless disregard for the truth. United States v. Tisdale, 248 F.3d 964, 973 (10th Cir. 2001). If the defendant meets this burden, the court will examine the affidavit as if the omitted information had been included to determine whether the affidavit would still give rise to probable cause. Id.; see also Stewart v. Donges, 915 F.2d 572, 583 n. 13 (10th Cir. 1990) (opining that not every omission of relevant information will be regarded as material). Probable cause exists when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that

contraband or evidence of a crime will be found in a particular place.  United States v. Basham, 268 F.3d 1199, 1203 (10th Cir. 2001) (citing United States v. Wicks, 995 F.2d 964, 972-73 (10th Cir. 1993)).

    3. The court is not persuaded that the information concerning Lt. Swisher's prior contacts with the defendant in 2007 were material to the search warrant affidavit on May 30, 2008.  The facts before the court clearly indicate that Lt. Swisher and the defendant never entered into any confidential informant relationship.  The facts suggest that the defendant "accidentally" called Lt. Swisher, thinking that he was calling a past client to sell him marijuana.  Accordingly, the court fails to find that the defendant has demonstrated by a preponderance of the evidence that Lt. Swisher omitted material information intentionally or with reckless disregard for the truth.

    4. The information contained in the affidavit produced by the defendant at the hearing was not a part of the defendant's motion to dismiss.  Moreover, the defendant offered no argument concerning it at the hearing.  To the extent that the defendant is suggesting that Lt. Swisher provided the state court judge with false statements in the affidavit concerning the delivery of marijuana to the defendant on December 14, 2007, we must reject this contention. Based upon this showing, the court cannot find that the defendant has demonstrated by a preponderance of the evidence that the

6

information concerning the delivery on December 14, 2007 in the search warrant affidavit was false or that Lt. Swisher intentionally or with reckless disregard for the truth included false statements in the affidavit.

5.  In sum, the defendant's motion to suppress must be denied.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2009 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge